Marxuach, Demandante y Apelada, *v.* Tous et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre ejecución de hipoteca. Moción pidiendo reposición de orden de requerimiento.

No. 2654.—Resuelto en mayo 16, 1922.

Ejecución de Hipoteca—Paralización del Procedimiento Sumario Hipotecario—Reclamación del Deudor Demandado en Ejecución de Hipoteca.—El hecho de que no se radicara con la escritura de hipoteca que se acompañó al escrito pidiendo su ejecución la orden de la corte autorizando al padre de los menores para constituir el gravamen, no es motivo para que el juez reponga o deje sin efecto a petición de los demandados el auto de requerimiento y su decisión no es apelable. Si tal omisión afectara la validez del título, la cuestión deberá ventilarse de acuerdo con el artículo 175 del Reglamento para la Ejecución de la Ley Hipotecaria, en el juicio plenario correspondiente.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. V. M. Fernández.*

Abogado de la apelada: *Sr. E. Pérez Casalduc.*

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

Mercedes Marxuach interpuso demanda ante la Corte de Distrito de San Juan, Primer Distrito, por el precedimiento especial hipotecario contra los demandados, *José Tous Torres, et al.,* solicitando se requiriera a los demandados para que dentro del término que señala la ley efectuaran el pago de la cantidad que es objeto de la demanda. La corte inferior dictó de conformidad, en diciembre 3, 1921, la orden de requerimiento la que se diligenció en diciembre 17, 1921. En este estado del procedimiento, los demandados presentaron una moción a la corte de distrito pidiendo la reposición de la orden de requerimiento, suspendiendo los efectos de la misma y que quedara el procedimiento en el estado en que se encontraba al ser radicado el escrito inicial de ejecución.

La corte inferior, en 11 de enero de 1922, declaró sin lugar dicha moción y contra esta resolución es que se ha establecido el presente recurso de apelación ante esta corte.

Las partes comparecieron a la vista del caso y presentaron alegato.

No creemos que tengamos que hacer extensas consideraciones para resolver este caso. La moción presentada por los demandados, así como toda su argumentación en su alegato, se refiere a que el título en que se funda la demanda ejecutiva no es suficiente para haberse despachado la ejecución por la corte inferior. En la escritura de constitución de hipoteca se hace constar que Manuel Tous Soto comparece en representación de los demandados como padre legítimo de sus menores hijos para efectuar el préstamo hipotecario, según la autorización que le fué concedida por la Sección Primera de la Corte de Distrito de San Juan por su resolución de 9 de octubre de 1920, dictada en expediente, *ex-parte,* titulado a nombre de sus menores hijos como peticionario sobre necesidad y utilidad para verificar una operación de préstamo y copia de cuya resolución se le exhibe al notario autorizante, según aparece de la escritura que obra en la transcripción del record.

El apelante resume la cuestión tal como debe plantearse, cuando en su alegato se expresa en la forma siguiente:

"Registrado un escrito inicial de procedimiento ejecutivo hipotecario del cual era objeto una hipoteca constituída por el padre de los menores de edad demandados con autorización de la Corte de Distrito del Primer Distrito Judicial de San Juan se acompañó a dicho escrito de demanda una copia de la escritura de hipoteca, más no de la orden autorizando su constitución y cuya orden no se transcribió ni copió en parte en la escritura a la cual dió causa."

En esta forma el apelante admite la situación del caso y considera que se ha cometido error por la corte inferior al no aplicar debidamente los artículos 169, 175 y 176 del Reglamento para la Ejecución de la Ley Hipotecaria. El trámite para la ejecución de hipoteca es un procedimiento especial que está en vigor en todas sus partes, salvo las modificaciones establecidas en la ley relativa a las sentencias y manera de satisfacerlas, aprobada en marzo 10, 1905. El artículo 175 del Reglamento para la Ejecución de la Ley Hipotecaria, citado infringido por el apelante, consigna taxativamente los únicos incidentes que pueden afectar al procedimiento hipotecario y determinar la suspensión del mismo. Este artículo en la parte pertinente dice así:

"Artículo 175.—Los procedimientos sumarios a que se refiere esta sección, no podrán suspenderse por medio de incidentes ni por otro alguno, a instancia del deudor, del tercer poseedor, ni de ningún otro que se presente como interesado, salvo en los siguientes casos:

"1º. Si se justificare documentalmente la existencia de un procedimiento criminal por falsedad del título hipotecario en cuya virtud se proceda, en que se haya admitido querella o dictado auto de procedimiento.

"2º. Si se interpusiere una tercería de dominio, acompañando inexcusablemente con ella título de propiedad de la finca de que se trate, inscrito a favor del tercerista con fecha anterior a la inscripción del crédito del ejecutante y no cancelado en el registro.

"3º. Si se presentare certificado del registrador, expresivo de quedar cancelada la hipoteca en virtud de la cual se proceda, o copia auténtica de la escritura pública de cancelación de la misma, con la

nota de presentación en alguno de los registros en donde se haya de tomar razón de ella, otorgada por el actor o por sus causantes o causahabientes, acreditándose también documentalmente el título de transmisión en su caso.

\* \* \* \* \* \* \*

"Todas las demás reclamaciones que puedan formular, así el deudor como los terceros poseedores y los demás interesados, incluso las que versaren sobre nulidad del título o de las actuaciones, o sobre vencimiento, certeza, extinción o cuantía de la deuda, se ventilarán en el juicio plenario que corresponda sin producir nunca el efecto de suspender ni entorpecer el procedimiento ejecutivo. La competencia para conocer de este juicio declarativo se determinará por las reglas ordinarias.

\* \* \* \* \* \* \*

Como puede observarse, la cuestión suscitada por el demandante, según se desprende de la disposición legal citada, sería un caso que afectaría a la nulidad del título, y no es este el momento apropiado ni el medio que ahora utilizan los demandados para levantar esta cuestión, así como tampoco para corregir los errores que atribuye cometidos el apelante en las actuaciones al diligenciarse el auto. El artículo 175, *supra,* explica sencillamente el procedimiento que habían de instituir los demandados para ventilar la suficiencia del título, quedando de este modo reservado, del derecho en que dichos demandados se han creído lesionados con la negativa del juez, a reponer o dejar sin efecto el auto de requerimiento. Estas consideraciones nos llevan a la conclusión de que el juez inferior estuvo en lo cierto y ajustado a derecho al denegar la moción de los demandados sosteniendo el auto de requerimiento.

*Confirmada la orden apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.